JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8328 | DATE | 10/2/2002 |
| CASE TITLE | USA ex rel. LUIS ARROYO vs. JOHN C. BATTLES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Luis Arroyo's petition for Writ of Habeas Corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 03 2002 date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | G.Y. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 3 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. LUIS ARROYO, Petitioner, v. JOHN C. BATTLES, Warden, Respondent. | Case No. 01 C 8328<br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on prisoner Luis Arroyo's ("Arroyo") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against John C. Battles, Warden of Illinois River Correctional Center in Canton, Illinois, where Arroyo is in custody. For the following reasons, Arroyo's petition is denied.

## BACKGROUND

Following a bench trial, Arroyo was convicted of possession of a controlled substance within 1,000 feet of a school, pursuant to 720 Ill. Comp. Stat. 570/401(c)(2), and sentenced to 12 years' imprisonment on March 31, 1995.

Arroyo then appealed to the Illinois Appellate Court, arguing that his sentence was excessive when he had a limited criminal history, was non-violent, and possessed strong rehabilitative potential. On June 29, 1998, The Illinois Appellate Court affirmed, finding that Arroyo's sentence was not excessive. Arroyo then filed a petition for leave to appeal to the Illinois Supreme Court, arguing that the Illinois Appellate Court incorrectly found that his sentence was not excessive where

it failed to take into account his rehabilitative potential and that his appellate counsel failed to let the appellate court know that Arroyo was serving a total of eighteen years' imprisonment. The Illinois Supreme Court denied the petition on February 3, 1999.

On July 27, 1999, Arroyo filed a *pro se* petition for post-conviction relief, arguing that appellate counsel was ineffective for failing to raise the issues of ineffective assistance of trial counsel, the trial court's error in not entering a judgment of acquittal at the close of the state's case, and that Arroyo was not proven guilty beyond a reasonable doubt. On January 31, 2000, Arroyo filed a second *pro se* petition for post-conviction relief, challenging his conviction under the single subject rule of the Illinois Constitution. On February 17, 2000, counsel was appointed to represent Arroyo. Appointed counsel filed an amended petition for post-conviction relief, challenging Arroyo's conviction under the single subject rule. On May 26, 2000, the trial court denied Arroyo's amended petition for post-conviction relief, finding that there was no violation of the single subject rule.

Arroyo appealed the denial of his amended petition for post-conviction relief to the Illinois Appellate Court, arguing that he was denied effective assistance of appellate counsel on direct appeal when appellate counsel failed to present the issue that Arroyo's trial counsel was indicted and charged with presenting perjured testimony. On May 17, 2001, the Illinois Appellate Court affirmed the dismissal, holding that Arroyo had waived this issue because he had not raised it in his amended petition for post-conviction relief.

Arroyo then filed a petition for leave to appeal to the Illinois Supreme Court, arguing that his petition for post-conviction relief was improperly dismissed where appellate counsel failed to state the ground that his trial counsel was ineffective due to a conflict of interest and the presentation of

perjured testimony during Arroyo's trial. The Illinois Supreme Court denied the petition for leave to appeal on October 3, 2001.

On October 20, 2001, Arroyo filed the instant *pro se* petition for writ of habeas corpus. This petition asserted a single ground for relief, "Arroyo was denied his 6th Amendment right because his Post-Conviction Petition was dismissed because court appointed appellate counsel failed to raise and present the issue that Mr. Arroyo's trial counsel labored under a conflict of interest and was under indictment and charged with presenting perjured testimony at Mr. Arroyo's trial." (Pet. Writ Habeas Corpus at 5.)

## **LEGAL STANDARD**

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2002). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991)(citations omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts

and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

Arroyo raised the issue of ineffectiveness of appellate counsel in his first *pro se* petition for post-conviction relief and again in his appeals of the dismissal of his amended post-conviction petition.

Respondent argues that this ground for relief has been procedurally defaulted because the Illinois Appellate Court rested its decision on an adequate and independent state ground. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211 (7th Cir. 1996). Federal review is barred if "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

In Arroyo's appeal of the dismissal of his amended post-conviction petition, the Illinois Appellate Court held that the issue of ineffectiveness of appellate counsel was waived because:

> [t]his argument was clearly abandoned in the trial court, and [Arroyo] is asking us to consider an argument that was never ruled upon below. As stated above, [Arroyo] filed two postconviction [sic] petitions, the first arguing that appellate counsel was ineffective for failing to raise various alleged errors that occurred during defendant's trial, the second raising a single subject violation. The second petition asserts "I am not challenging my court room [sic] proceedings, instead I am challenging the statute under which I was sentenced." Further, when appointed counsel filed the amended petition, it included only the single subject claim. Counsel filed an affidavit with the petition in which he affirmed that he consulted with [Arroyo] to ascertain [Arroyo's] contentions of deprivations of constitutional rights. The only issue argued to the trial court and ruled upon was the single subject claim. . . . The ineffectiveness of counsel

-4-

> issue was no longer before the circuit court when it ruled on the amended petition. As stated by the [Illinois] supreme court in *People v. Phelps*, 51 Ill. 2d 35, 38 (1972), "[w]hile the petitioner alleged ineffectiveness of counsel in his *pro se* petition, the amended petition subsequently filed by appointed counsel contained no such allegation, and, therefore, that issue was not before the court." The issue of appellate counsel's ineffectiveness was not before the trial court and, consequently, it is not before this court.

(Answer, Ex. J at 2-3.) Here, the Illinois Appellate Court "clearly and expressly" invoked the state procedural rule of waiver as enunciated in *Phelps* in dismissing Arroyo's amended post-conviction petition. Therefore, this ground has been procedurally defaulted.

Once procedural default has been established, a petitioner may still present those claims in federal court under § 2254(d) if he can demonstrate (1) cause for his default and (2) actual prejudice as a result of the alleged violations of federal law. *Steward*, 80 F.3d at 1211-12. Arroyo can show cause "by showing that 'some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.'" *United States ex rel. Taylor v. Barnett*, 109 F. Supp. 2d 911, 920 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Alternatively, Arroyo can present his claims if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman*, 501 U.S. at 750. Under *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995), a fundamental miscarriage of justice has occurred when the petitioner can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent". "Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (citing *Schlup*, 513 U.S. at 316).

Arroyo has not demonstrated any objective factor external to the defense that impeded his
-5-

efforts to present the defaulted ground for relief in his amended post-conviction petition. Moreover, Arroyo has not presented any new evidence that would suggest that he is innocent. Therefore, Arroyo has not made a showing sufficient to survive a procedural default. Therefore, Arroyo's Petition for Writ of Habeas Corpus is denied.

## CONCLUSION

For the reasons stated herein, Luis Arroyo's Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 2, 2002