# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8328 | **DATE** | 9/3/2003 |
| **CASE TITLE** |  | LUIS ARROYO vs. JOHN C. BATTLES | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Arroyo's application for a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | SEP 0 4 2003 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | 03 SEP -3 PM 1:05 | date mailed notice |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUIS ARROYO, ) | |
| ) | Case No. 01 C 8328 |
| Petitioner, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| JOHN C. BATTLES, Warden, ) | |
| ) | SEP 0 4 2003 |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Luis Arroyo ("Arroyo"), seeks a certificate of appealability following the denial of his petition for writ of habeas corpus.

Federal Rule of Appellate Procedure 22 provides that:

> [i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Fed.R.App.P. 22(b)(1). Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). A "substantial showing of the denial of a constitutional right" requires that the petitioner "demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Arroyo raised a single ground for relief in his Petition for Writ of Habeas Corpus: Arroyo was denied his 6th Amendment right of effective assistance of counsel because his Post-Conviction Petition was dismissed. More specifically, that court appointed counsel failed to raise and present the issues that Mr. Arroyo's trial counsel's representation of Petitioner was a conflict of interest and that his counsel was under indictment and charged with presenting perjured testimony at Mr. Arroyo's trial. (Pet. Writ Habeas Corpus at 5.)

On October 2, 2002, this Court denied Arroyo's Petition for Writ of Habeas Corpus, holding that his claim was procedurally defaulted because the Illinois Appellate Court rested its decision on an adequate and independent state ground. *United States ex rel. Arroyo v. Battles*, No. 01 C 8328, 2002 WL 31235910, at *3 (N.D. Ill. Oct. 2, 2002). The Court found that Arroyo had not demonstrated cause and actual prejudice or that a fundamental miscarriage of justice would occur if his claims were not considered and, therefore, was not entitled to relief on the defaulted grounds. *Arroyo*, 2002 WL 31225910, at *4.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. at 484.

Jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. It is not debatable that those claims were procedurally defaulted and that, therefore, Arroyo was not entitled to habeas relief on those claims.

To avoid a procedural default, Arroyo had to satisfy two requirements: (1) exhaustion of remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Arroyo did not raise his ineffective assistance of appellate counsel claim in his second post-conviction petition, and the Illinois Appellate Court held that this claim was waived. Thus, that claim was waived under Illinois law, an independent and adequate state ground; and, therefore, it was procedurally defaulted. A reasonable jurist would not find it debatable whether the Court was correct in its procedural ruling.

The Court, therefore, need not address the second issue of whether or not the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484 ("The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' *Ashwander v. TVA*, 297 U.S. 288, 347 . . . (1936)). Therefore, Arroyo's Application for a Certificate of Appealability is denied.

Date: September 2, 2003

JOHN W. DARRAH
United States District Judge